UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNION ELECTRIC COMPANY d/b/a AMEREN MISSOURI, | ) ) ) |
| Plaintiff(s), | ) ) |
| vs. | ) )   Case No. 4:12CV877 JCH |
| AEGIS ENERGY SYNDICATE 1225, | ) ) ) |
| Defendant(s). | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Stay Proceedings Pending Appeal ("Motion to Stay"), filed on September 19, 2012. (ECF No. 35). This motion is fully briefed and ready for disposition.

## **BACKGROUND**[1]

Plaintiff Union Electric Company d/b/a Ameren Missouri ("Plaintiff" or "UEC") is a Missouri public utility with its headquarters and principal place of business in St. Louis, Missouri. (Complaint, ECF No. 6, p. 1). On December 14, 2005, the upper reservoir wall of Plaintiff's Taum Sauk hydroelectric power plant ("Taum Sauk") failed. (Id., ¶ 1). The failure caused over one billion gallons of water to be released from the reservoir, causing bodily injury as well as damage to state property, natural resources, and property belonging to private landowners. (Id.).

Plaintiff had purchased a $25 million excess liability insurance policy ("the Policy") from Defendant Aegis Energy Syndicate 1225 ("Defendant" or "Aegis"), a Lloyd's of London insurance

---

[1] As in the Court's Memorandum and Order of August 23, 2012, the majority of the facts in the Court's background section are taken directly from Plaintiff's Complaint. Defendant has filed an Answer admitting most of these facts.

syndicate, for the period that included the date of the Taum Sauk breach. (Id., ¶ 2). Defendant denied coverage under the Policy for Plaintiff's costs incurred with respect to claims against Plaintiff relating to the breach. (Id., ¶ 3).

Plaintiff filed this lawsuit in the Circuit Court for the City of St. Louis, State of Missouri, on April 6, 2012. (Notice of Removal, ECF No. 1, ¶ 2). Defendant removed this lawsuit on May 15, 2012, on the basis of diversity jurisdiction. Plaintiff's Complaint contains two counts: breach of contract and vexatious refusal to pay. Defendant filed a Motion to Compel Alternative Dispute Resolution and to Stay This Case ("Motion to Compel") on May 22, 2012, arguing that the Policy required Plaintiff to pursue arbitration to resolve its claims against Defendant. The Court denied Plaintiff's Motion to Compel, and Defendant filed a Notice of Appeal from the Court's denial on September 19, 2012. As noted above, Defendant also filed its Motion to Stay on September 19, 2012.

## DISCUSSION

The parties agree that the Eighth Circuit Court of Appeals has not definitively ruled whether an appeal from a denial of a motion to stay pending arbitration divests the district court of jurisdiction. The majority of the other circuit courts of appeal to consider the issue have ruled that a notice of appeal under § 16 of the Federal Arbitration Act ("FAA") divests the district court of jurisdiction to proceed with the case pending appeal. See, e.g., McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1160 (10th Cir. 2005) (district court does not retain jurisdiction); Blinco v. Green Tree Servicing, LLC, 366 F .3d 1249, 1251-52 (11th Cir. 2004) (same); Bradford-Scott Data Corp. v. Physician Computer Network, Inc., 128 F.3d 504, 506 (7th Cir. 1997) (same); but see Motorola Credit Corp. v. Uzan, 388 F.3d 39, 54 (2d Cir. 2004) (district court retained jurisdiction)

cert. denied, 544 U.S. 1044 (2005); Weingarten Realty Investors v. Miller, 661 F.3d 904, 909 (5th Cir. 2011) (same); Britton v. Co-Op Banking Group, 916 F.2d 1405, 1412 (9th Cir.1990) (same).

The United States Supreme Court has articulated the basic principle that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Eighth Circuit has cited this principle with approval. See, e.g., Ahlberg v. Chrysler Corp., 481 F.3d 630, 638 (8th Cir. 2007); State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.), cert. denied, 527 U.S. 1039 (1999). Thus, "[c]ontinuation of proceedings in the district court largely defeats the point of the appeal and creates a risk of inconsistent handling of the case by two tribunals." McCauley, 413 F.3d at 1162 (quoting Bradford-Scott, 128 F.3d at 505).

The jurisdictional transfer principle does not divest a district court of all jurisdiction, but rather only of jurisdiction over the matters appealed. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). A district court retains jurisdiction to adjudicate matters which are collateral or tangential to the appeal. See Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996) ("where the issue of attorney fees is not before the court of appeals[,] ... the district court may consider it"); Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) (district court retains jurisdiction to impose sanctions where that issue is not before the court of appeals), cert. denied, 525 U.S. 1070 (1999).

In the context of an appeal from an order denying a motion to compel arbitration, the Eleventh Circuit has explained why the general rule of jurisdictional transfer should apply: "[t]he only aspect of the case involved in an appeal from an order denying a motion to compel arbitration is whether the case should be litigated at all in the district court." Blinco, 366 F.3d at 1351. "The issue of continued litigation in the district court is not collateral to the question presented by an appeal under § 16(a)(1)(A); 'it is the mirror image of the question presented on appeal.'" Id. (quoting Bradford-Scott, 128 F.3d at 505).

Here, the Court need not decide if it retains jurisdiction during the pendency of the interlocutory appeal, as a stay of the proceedings is in the interests of justice and judicial economy in order to prevent waste of resources, avoid inconsistent rulings, and reduce uncertainty. See Express Scripts, Inc. v. Aegon Direct Marketing Servs., Inc., No. 4:06CV1410, 2007 WL 1040938, at * 3 (E.D. Mo. Apr. 3, 2007). A stay is permitted under the Court's inherent power to control its trial docket and under Rules 16(b) and Rule 26(d) of the Federal Rules of Civil Procedure. See A.O.A. v. Doe Run Res. Corp., No. 4:11CV44, slip op. at 5 (E.D. Mo. Mar. 14, 2012). Thus, the Court will grant Defendant's Motion to Stay.

## CONCLUSION

Accordingly,

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Proceedings Pending Appeal (ECF No. 35) is **GRANTED**.

Dated this  17th  day of October, 2012.

/s/Jean C. Hamilton

UNITED STATES DISTRICT JUDGE